UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MELVIN NONN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16cv273 SNLJ |
| | ) |
| DAN CURTIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Melvin Nonn filed his petition in the Circuit Court of Madison County, Missouri against defendants Officer Dan Curtis, the City of Fredericktown, Missouri, and Frederick Town Police Chief Eric Hovis. Plaintiff claims, among other things, that his civil rights were violated under 42 U.S.C. § 1983 in connection with an incident that took place on June 9, 2012. Defendants removed the case to this Court pursuant to this Court's federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441. Defendants have moved to dismiss Counts III, IV, and V of the complaint (#21). Since that motion was filed, plaintiff voluntarily dismissed defendants City of Fredericktown and Chief Hovis. The matter is fully briefed, and the Court will address the motion as brought by defendant Curtis.

**I.   Factual Background**

For the purpose of this motion to dismiss, plaintiff's allegations are taken as true. As of June 9, 2012, plaintiff had been diagnosed with and was being treated for bipolar

disorder. Plaintiff, however, had been failing to take his medications, and his deteriorating mental condition caused his wife to call 911 in order to help "calm down" her husband. Plaintiff alleges that when police arrived outsider the home, plaintiff was sitting on a chair, unarmed, and playing a guitar. Then, plaintiff alleges that --- without warning or provocation --- defendant Curtis broke down the door of the home, charged at plaintiff, and struck plaintiff violently on the head with the end of defendant's assault weapon. Plaintiff further alleges that, while he was incapacitated and lying on the ground, defendant Curtis administered an electrical shock to plaintiff using Curtis's Tazer. Plaintiff was then held for approximately forty hours in police custody before receiving medical attention for his injuries at a St. Louis hospital. Plaintiff's complaint includes five counts: Count I is for violation of 42 U.S.C. § 1983; Count II is for a "Monell Claim" under 42 U.S.C. § 1983; Count III is for Assault; Count IV is for Battery; and Count V is for False Imprisonment. Plaintiff filed his complaint on October 5, 2016.

Defendant Curtis moves to dismiss Counts III-V because they are barred by the statute of limitations.

**II. Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a

motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

Defendant contends that Missouri state law claims for the assault, battery, and false imprisonment actions against him must be commenced within three years. §516.130(1) RSMo. Specifically, the statute states:

> Within three years: (1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise.

*Id.* There is some confusion in the law regarding whether that three-year statute of limitations or the assault-and-battery-specific two-year statute of limitations applies. That statute states:

> Within two years: an action for libel, slander, injurious falsehood, <u>assault, battery, false imprisonment</u>, criminal conversation, malicious prosecution or actions brought under section 290.140…

§ 516.140 RSMo (emphasis added).

This Court has held that, where plaintiffs bring claims against officers in their individual capacities, the three-year statute does not apply to assault and battery claims. *See Doe v. Rainey*, 4:15CV01484 AGF, 2016 WL 2986398, at *3 (E.D. Mo. May 24, 2016); *Gaulden v. City of Desloge, Mo.*, 2009 WL 1035346, at *14 (E.D. Mo. 2009) ("An action against an officer in his or her individual capacity does not fall within the parameters of Section 516.130.") (citing *Miller Cty. v. Groves*, 801 S.W. 2d 777, 778-79 (Mo. Ct. App. 1991)). That, of course, leaves the two-year statute of limitation for plaintiff's claims, which of course appears to have expired in June 2014, long before plaintiff filed suit in 2016.

Plaintiff argues, however, that his claim did not accrue in June 2012 when the events of the complaint took place. Rather, he says, because his psychological damages are ongoing, the statute of limitations has not yet begun to run. Section 516.100 RSMo states that a "cause of action shall not be deemed to accrue when the wrong is done…but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item." Plaintiff's accrual argument is too broad. Damage capable of ascertainment is determined by "when a plaintiff could have first maintained the action to a successful suit," or simply, the statute "begins to run when the plaintiff's right to sue arises." *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 684 S.W.2d 858, 861 (Mo. App. 1984) (quoting *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 705 (Mo. App. 1978) and *Lato v. Concord Homes, Inc.*, 659 S.W.2d 593, 595 (Mo. App. 1983)). The Eighth Circuit has held that, in a similar case alleging false imprisonment and electronic shocks, the face of the complaint showed that

4

plaintiff's cause of action accrued on the date of the alleged imprisonment and shocks. *Hellebrand v. Hoctor*, 331 F.2d 453, 454 (8th Cir. 1964). Although plaintiff suggests that his damages are ongoing and thus not yet knowable, "damage is ascertainable when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct. .... All possible damages do not have to be known, or even knowable, before the statute accrues." *Klemme v. Best*, 941 S.W.2d 493, 497 (Mo. 1997) (citing *Sheehan v. Sheehan*, 901 S.W.2d 57, 58-59 (Mo. banc 1995); *Dixon v. Shafton*, 649 S.W.2d 435, 439 (Mo. banc 1983); *Anderson v. Griffin, Dysart, Taylor, Penner & Lay, P.C.*, 684 S.W.2d 858, 861 (Mo. App. 1984)).

The Court holds that plaintiff's claims in Counts III, IV, and V accrued in June 2012. Plaintiff must have thus filed his complaint in June 2014. The statute of limitations has long since expired, and those counts must be dismissed.

**IV.  Conclusion**

Defendant's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts III, IV, and V are **DISMISSED**.

Dated this  3rd  day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE