# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MELVIN NONN, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 1:16cv273 SNLJ |
| | ) | |
| DAN CURTIS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Melvin Nonn filed his petition in the Circuit Court of Madison County,

Missouri against defendants Officer Dan Curtis, the City of Fredericktown, Missouri, and

Frederick Town Police Chief Eric Hovis. Plaintiff claims, among other things, that his

civil rights were violated under 42 U.S.C. § 1983 in connection with an incident that took

place on June 9, 2012. Defendant Curtis has moved for partial summary judgment. The

motion has been extensively briefed and is now ripe for disposition.

## I.      Factual Background

The following facts are undisputed except where indicated. On June 9, 2012,

defendant Fredericktown police officer Dan Curtis was dispatched to plaintiff Nonn's

residence. Defendant Curtis knew that there had been a disturbance at the residence and

that somebody claimed that a man had a gun. When defendant Curtis and another officer,

nonparty Jason Fitzwater, arrived at the home, Curtis spoke with plaintiff's wife. She

was locked outside. Defendant Curtis watched plaintiff through an open window, which

contained a running box fan, and observed plaintiff drinking a beer and holding a long firearm. Defendant Curtis watched plaintiff take the firearm down a hallway and then return with the firearm. Officer Fitzwater attempted to make contact with plaintiff by hitting the front door of the residence with his Maglite. Plaintiff did not respond. Defendant Curtis determined that he needed to secure the scene and enter the plaintiff's home without a warrant.

Plaintiff brought this lawsuit claiming, *inter alia*, that defendant Curtis unlawfully entered his home and then used excessive force against plaintiff. Trial is set for April 2018, but defendant Curtis seeks partial summary judgment on the matter of plaintiff's unlawful entry.

## II.    Legal Standard

Pursuant to Rule 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). However, the nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). With these principles in mind, the Court turns to the discussion.

## III.    Discussion

The United States Constitution's Fourth Amendment generally requires the police to obtain a warrant before entering a home. U.S. Const. amend. IV. An exception to the warrant requirement is the exigent circumstances exception in which "the needs of law enforcement [are] so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Kentucky v. King*, 563 U.S. 452, 460 (2011) (internal citation omitted). "Exigent circumstances include threats to an individual's life, a suspect's imminent escape, the imminent destruction of evidence, or situations where 'there is a compelling need for official action and there is no time to secure a warrant.'" *Smith v. Kansas City, Missouri Police Dept.*, 586 F.3d 576, 580 (8th Cir. 2009) (quoting *Radloff v. City of Oelwein*, 380 F.3d 344, 348 (8th Cir.2004)). "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, as long

as the circumstances, viewed objectively, justify the action." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) (internal quotation omitted).

Defendant puts great weight in the fact that not one but two people called 911 about the circumstances that evening at plaintiff's home. Both plaintiff's wife and a neighbor felt compelled to call 911, but it is unclear whether defendant Curtis knew those two calls had been made. Although defendant Curtis did know that plaintiff had previously been seen with a firearm, at the time Curtis entered plaintiff's home, the plaintiff was sitting in a chair playing the guitar. Defendant Curtis had just seen plaintiff walk his long firearm into another room and return to his guitar-playing room without the firearm. Curtis suggests that because plaintiff was seen drinking a beer as he carried the firearm, he was committing a felony --- the unlawful use of a weapon. *See* § 571.030.1(5) RSMo ("[a] person commits the offense of unlawful use of weapons…if he or she knowingly…[h]as a firearm…while he or she is intoxicated"). Plaintiff argues that there was no evidence he was intoxicated --- only that he was drinking a beer. However, the information known to the defendant officer was that plaintiff had been involved in a heated domestic argument not long before, and the presence of alcohol under those circumstances in particular could have caused a reasonable officer to suspect the individual was intoxicated. The question here is whether a reasonable officer could have concluded that exigent circumstances existed, not whether they actually existed. *See Radloff*, 380 F.3d at 348. Plaintiff points out that he had removed the gun from the room where defendant Curtis saw him, and that any "emergency" was thus mitigated by the fact that plaintiff no longer had the gun. However, defendant Curtis says it was

reasonable to believe plaintiff might have additional firearms in the room with him that were not visible in light of the night's earlier events.

There is disagreement regarding what plaintiff's wife told defendant Curtis when he arrived at her home. Curtis stated that plaintiff's wife told him that plaintiff was a convicted felon. Plaintiff's wife denies that she told Curtis that plaintiff was a felon, but she does state in her affidavit that "my husband was inside our home and that there should not be any gun inside." (#39-1 at Ex. 8.) That statement would also suggest to a reasonable officer that plaintiff should not have had a gun. However, it is critical to know that plaintiff's wife --- the victim of the domestic dispute --- was outside with the police officers the entire time before defendant Curtis entered the home. It appears that Curtis will argue at trial that plaintiff's wife gave permission for the police to enter the home, but she now denies that she gave the officers permission. The Court finds that, because the wife was outside with Curtis, and because the plaintiff was inside and posed no immediate threat to anyone while playing his guitar, there is at best a question of fact as to whether exigent circumstances existed. Without an immediate threat present, Curtis could have obtained a warrant and returned with a SWAT team.

Exigent circumstances are typically found where destruction of evidence or a suspect's escape is imminent, or where someone is in danger of immediate physical harm. *Smith*, 586 F.3d at 580. However, exigency may also be found where there is a compelling need for official action and there is no time to secure a warrant. *Id.* Here, there was no immediate physical danger because the victim was locked outside with the police, and the plaintiff was --- at the time of the police entry --- playing his guitar.

Although "an objectively reasonable belief of a threat to officer safety" might also justify warrantless entry, *United States v. Quarterman*, 877 F.3d 794, 797 (8th Cir. 2017), there was no immediate threat here. *Quarterman*, for example, is distinguishable. There, officers responded to a domestic call in which a man, whom they knew to be armed, was making his girlfriend move out and had been in a "heated verbal altercation" with the girlfriend's mother that morning. *Id.* The girlfriend opened the door, and police saw the man make quick movements as if reaching for the couch or getting up --- although they could not see a gun, the officers decided to enter. *Id.* The Eighth Circuit held that although the combination of a domestic dispute and the possibility of a gun in the home allowed the officers "an objectively reasonable basis to believe that [the man] was armed and a threat" to the girlfriend or others. *Id.* at 799. This case is distinguishable because plaintiff's wife was, unlike Quarterman's girlfriend, safely outside.

An individual is entitled to qualified immunity if his conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Although the Supreme Court does not require a case directly on point for a right to be "clearly established," the "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The Court finds that defendant Curtis's argument for qualified immunity fails. There simply was no emergency if the wife was safely outside and plaintiff posed no immediate threat to anyone, thus the exigent circumstances exception would not apply.

The Court will deny partial summary judgment to defendant Curtis on the matter of plaintiff's Fourth Amendment claim.

## IV.    Conclusion

Defendant's motion for partial summary judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment (#32) is **DENIED**.

Dated this   9th   day of February, 2018.

_____

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE